09-2197-ag
Kanteh v. Holder

BIA
Defonzo, IJ
A096 135 204

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand ten.

PRESENT:
RALPH K. WINTER,
JOSÉ A. CABRANES,
PETER W. HALL,
        *Circuit Judges*.

_____

JIBA KANTEH,
        *Petitioner*,

v.                                          09-2197-ag

                                            NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Andrew P. Johnson, New York, New
                       York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Leslie McKay, Assistant
                       Director, Kristin K. Edison,
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Jiba Kanteh, a native and citizen of Sierra Leone, seeks review of an April 27, 2009, order of the BIA, affirming the April 8, 2008, decision of Immigration Judge ("IJ") Paul A. Defonzo, pretermitting his application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jiba Kanteh*, No. A096 135 204 (B.I.A. Apr. 27, 2009), *aff'g* No. A096 135 204 (Immig. Ct. N.Y. City Apr. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *See Xue Hong Yang v. U.S. Dept' of Justice*, 426 F.3d 520. 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, we lack jurisdiction to consider Kanteh's challenge to the IJ's pretermission of his asylum application as untimely. 8 U.S.C. § 1158(a)(3). Although

we retain jurisdiction to review constitutional claims and questions of law, Kanteh raised no such claim. *See* 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

With respect to Kanteh's challenge to the denial of his application for withholding of removal and CAT relief, substantial evidence supports the IJ's adverse credibility determination. We defer to the IJ's finding that Kanteh's demeanor indicated that he was not testifying in a credible manner. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). Moreover, as the IJ found, although Kanteh claimed to have entered the United States in February 2002, he testified that he obtained a "refugee document" while living in a refugee camp in 2002 or 2003.[1] Similarly, while Kanteh testified that his brother died in December 1991, he submitted an obituary for his brother that indicated he died in December 1997. Although minor and isolated discrepancies may be insufficient to support an adverse credibility finding, *see Diallo v. INS*, 232 F.3d 279, 285-86 (2d Cir.

---

[1] We decline to consider Kanteh's unexhausted argument that he testified to obtaining the refugee document in 2002 or 2003 when he was already in the United States. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007).

3

2000), these discrepancies relate to events at the heart of Kanteh's claim – that he feared the rebels who threatened him and killed his brother. Thus, the IJ reasonably relied on their cumulative effect to call into question Kanteh's credibility. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006). Having called Kanteh's credibility into question, the IJ reasonably noted the absence of documentary evidence that may have corroborated his claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Accordingly, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because the only evidence of a threat to Kanteh's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Thus, we need not reach the IJ's alternative finding that country conditions in Sierra Leone have changed.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk